IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUSTOAVO M. JUAREZ-GALVAN,

    Plaintiff,

  v.                                                            No. 13-4046-SAC

UNITED PARCEL SERVICE,

    Defendant.

MEMORANDUM AND ORDER

This Title VII case comes before the court on Defendant's motion to dismiss or, in the alternative, for summary judgment. Defendant contends that this suit is barred by the doctrine of claim splitting because Plaintiff should have included in a prior lawsuit it the claims he makes in this case. That case was *Gustoavo M. Juarez-Galvan v. United Parcel Service*, No. 10-4145-WEB (*Juarez I*). Alternatively, Defendant contends that most of Plaintiff's claims are time-barred because they occurred more than 300 days before Plaintiff filed his relevant administrative charge with the Kansas Human Rights Commission (KHRC)/EEOC, and that the only timely claim raises no inference of discrimination and states no basis for employer liability. Plaintiff opposes the motion, but for the reasons stated below the Court grants it.

**Motion to Dismiss Standard**

To survive a motion to dismiss, a complaint must have facial plausibility.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. Id. Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 557.

*Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, 884 (2009).* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[C]ourts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 n. 2 (10th Cir. 2007). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 2012 WL 364058, at *3 (10th Cir. Feb. 6, 2012).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's … complaint alone is legally sufficient to state a claim

for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). The court accepts all well-pled factual allegations as true and views these allegations in the light most favorable to the nonmoving party. *United States v. Smith*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010). The court, however, is not under a duty to accept legal conclusions as true. *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949. "Thus, mere 'labels and conclusions' and 'formulaic recitation of the elements of a cause of action' will not suffice." *Khalik,* 2012 WL 364058, at *2 (10th Cir. Feb.6, 2012) (quoting *Twombly*, 550 U.S. at 555).

In evaluating a Rule 12(b)(6) motion to dismiss, the court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint. *Archuleta v. Wagner,* 523 F.3d 1278, 1281 (10th Cir. 2008). Accordingly, the Court disregards the affidavit attached to Plaintiff's brief.[1] But in considering the complaint in its entirety, the Court also examines any documents "incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007), and documents attached to the complaint, *Rosenfield v. HSBC Bank, USA,* 681 F.3d 1172, 1189 (10th Cir. 2012) (quotations and citations omitted). Thus the Court considers Plaintiff's administrative charge and right to sue letter. *See* Dk. 1.

---

[1] But even had the Court considered Plaintiff's affidavit, the Court's decision on the issue of claim splitting would be the same.

Additionally, a court may take judicial notice of facts which are a matter of public record, *Tal v. Hogan,* 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006), and of state court documents, *Pace v. Swerdlow,* 519 F.3d 1067, 1072–73 (10th Cir. 2008). Accordingly, this Court takes judicial notice of the record in *Juarez I*, finding the requirements of Fed.R.Evid. 201 to be met. *See* Fed.R.Evid. 201; *Shuttlesworth v. City of Birmingham, Ala.,* 394 U.S. 147, 157 89 S.Ct. 935 (1969); *St. Louis Baptist Temple, Inc. v. FDIC,* 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). And the Court does so without converting the motion to dismiss into a motion for summary judgment. *See Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1278 n. 1 (10th Cir. 2004) (facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment); *Turner v. City of Tulsa*, 525 Fed.Appx. 771, 773 (10th Cir. 2013) (same).

**Uncontested Facts**

The Court finds a short chronology of relevant events to be helpful.

05/13/09 – Plaintiff files his first KHRC/EEOC charge, alleging discrimination
08/05/10 – EEOC issues Plaintiff a right to sue letter on his first KHRC/EEOC charge.
11/02/10 – Plaintiff files *Juarez I* in state court.
11/29/10 – Defendant removes *Juarez I* to federal court.
11/03/11 – Plaintiff files his second KHRC/EEOC charge, including acts occurring on November 2, 2009, November 3, 2009, June 15, 2010, and July 15, 2011.

4

11/04/11 – Judge in *Juarez I* conducts a telephone scheduling conference, grants plaintiff's request for additional time to amend his Complaint to include retaliation and hostile work environment claims, so amends scheduling order.
12/30/11 – Deadline for Plaintiff's Motion to Amend Complaint in *Juarez I*. Plaintiff does not amend his complaint to include retaliation or hostile work environment claims.
04/16/12 – Pretrial Order filed in *Juarez I* stating only one claim - failure to promote.
05/03/12 – 180 days run after Plaintiff's second KHRC/EEOC charge.
10/02/13 – KHRC issues a No Probable Cause determination and closes its file on Plaintiff's second KHRC charge.
10/10/12 – Summary judgment motions become ripe in *Juarez I.*
01/23/13 – EEOC issues Plaintiff a right to sue letter on second KHRC/EEOC charge.
04/08/13 – Judge grants summary judgment to Defendant in *Juarez I*.
04/23/13 – Plaintiff files this case in federal court, alleging hostile work environment and retaliation, including acts occurring on November 2, 2009, November 3, 2009, June 15, 2010, and July 15, 2011.
05/07/13 – Plaintiff appeals *Juarez I*.

The Court finds it unnecessary to address facts relating to the merits of Plaintiff's claims.

### Waiver/Law of the Case

Before granting summary judgment to Defendant in *Juarez I*, the court reviewed the pretrial order. Although the pretrial order mentioned several incidents of alleged discrimination, harassment, or mistreatment, it stated only one claim: that Plaintiff had been denied a specific promotion because of his national origin or ancestry. The court properly found that no claim for hostile work environment or retaliation had been included in the pretrial order and that "plaintiff ha[d] waived the other claims by failing to include them and their elements in the pretrial order." Dk. 19, Exh. 10, p. 11. The

court considered evidence of harassment or retaliation in *Juarez I* only to the extent such evidence was relevant in deciding Plaintiff's failure to promote claim.

Plaintiff argues that the intent of the Court in *Juarez I* was not to bar his hostile work environment and retaliation claims in future litigation, but merely to find that such claims were not included in *Juarez I*. Plaintiff notes that these claims were not resolved on their merits and "did not accrue until the litigation in *Juarez I* was all but completed." Dk. 28, p. 20. The Court agrees that the Court's statement in *Juarez I* does not preclude the Plaintiff from bringing his harassment or retaliation claims in this case. The thornier issue is whether Plaintiff has improperly split his claims.

**Claim Preclusion**

> Claim splitting is closely related to res judicata.
>
> The doctrine of res judicata prohibits a party from asserting in a second lawsuit any matter that might have been asserted in the first lawsuit. *Prospero Associates v. Burroughs Corp.,* 714 F.2d 1022, 1025 (10th Cir. 1983). In order for the doctrine to apply, three elements must be present: (1) the first suit must have proceeded to a final judgment on the merits; (2) the parties must be identical or in privity; and (3) the suits must be based on the same cause of action.

*Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1236 (10th Cir. 1992).

Here, there is an identity of parties in both suits. And the summary judgment in *Juarez I* was a judgment on the merits. Thus res judicata bars this suit to the degree that it was based on the same cause of action as in Juarez I. In determining whether the suits are based on the same cause of

6

action, the Tenth Circuit applies the transactional approach, advocated by the Restatement (Second) of Judgments § 24 (1982). *Petromanagement Corp. v. Acme-Thomas Joint Venture,* 835 F.2d 1329 (10th Cir. 1988). *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 (10th Cir. 1999) (*citing* Restatement (Second) of Judgments § 24 (1982)). This pragmatic approach requires the Court to take into account three factors:

> whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or useage.

Restatement § 24(2).

Parties cannot defeat the application of res judicata by simply alleging new legal theories. *Clark*, 953 F.2d at 1238, citing *Bolling v. City & County of Denver, Colorado,* 790 F.2d 67 (10th Cir. 1986) (res judicata barred plaintiff's 42 U.S.C. §§ 1981 and 1983 claims for termination based on sex and race where plaintiff failed to raise those claims in her prior state action which challenged the employer's stated reasons for her termination).

"Under the doctrine of claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *See Rivet v. Regions Bank of La.,* 522 U.S. 470, 118 S. Ct. 921, 925, 139 L. Ed. 2d 912 (1998)) (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981)). Piecemeal litigation undercuts the finality of judgments, which claim preclusion seeks to ensure. *See*

*Nevada v. United States,* 463 U.S. 110, 129–30, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983).

> The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste "scarce judicial resources" and undermine "the efficient and comprehensive disposition of cases." *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.,* 296 F.3d 982, 985 (10th Cir. 2002). We review for abuse of discretion when a district court's "dismissal for claim-splitting was premised in significant measure on the ability of the district court to manage its own docket," *id.,* and will reverse the district court only if we find its judgment "exceeded the bounds of the rationally available choices given the facts and the applicable law in the case at hand." *Big Sky Network Canada, Ltd. v. Sichuan Provincial Gov't,* 533 F.3d 1183, 1186 (10th Cir. 2008).

*Katz v. Gerardi,* 655 F.3d 1212, 1217 (10th Cir. 2011).

The Restatement (Second) of Judgments § 24(1) (1982) explains the general rule against "claim splitting":

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar … the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

*Mascarenas Enterprises, Inc. v. City of Albuquerque*, 494 Fed.Appx. 846, 851, 2012 WL 3292396, 4 (10th Cir. 2012). So, for example, where a plaintiff has an opportunity to amend an ADEA/Title VII complaint to add ERISA or other claims, but fails to do so, the plaintiff cannot remedy that defect by bringing another suit alleging a different legal theory yet the same plaintiff, defendant, and operative facts. *Myers v. Colgate-Palmolive Co.*, 102 F.Supp.2d 1208, 1224 (D.Kan. 2000) (finding the plaintiff's age and sex

discrimination case and her ERISA case arose out of the same transactional nucleus of facts and would involve substantially the same evidence since both complaints would turn on the same primary issue, namely, what the defendant's real reason was for terminating the plaintiff). *See Katz v. Gerardi*, 655 F.3d 1212, 1218-19 (10th Cir. 2011) (affirming dismissal based on claim splitting where plaintiff had filed two cases in the same district court, involving the same subject matter, seeking the same claims for relief against the same defendants).

In employment claims, the Tenth Circuit has consistently held that "all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes." *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000). *See Wilkes v. Wyoming Dept. of Employment Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2002); *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992); *Yapp,* 186 F.3d at 1228; *Leo v. Garmin Intern., Inc.*, 464 Fed.Appx. 737 (10th Cir. 2012); *Gardner v. Central Texas College*, 259 Fed.Appx. 136, 138 (10th Cir. 2007); *Coffman v. Veneman,* 175 Fed.Appx. 985 (10th Cir. 2006). Plaintiff's harassment and retaliation claims raised in this case arise from the same employment relationship as did his failure to promote claim in *Juarez I.*

**Subsequent Events**

But Plaintiff contends that he could not have included his retaliation and harassment claims in *Juarez I* because some of the acts alleged in this case did not occur until after he filed his first KHRC/EEOC charge on May 13, 2009. Acts occurring on November 2, 2009, November 3, 2009, June 15, 2010 and July 15, 2011, are listed as examples of retaliation in plaintiff's second administrative charge and could not have been included in his first EEOC charge. In support of this position, plaintiff relies on a case from the Second Circuit, *Storey v. Cello Holdings*, LLC, 347 F.3d 370, 384 (2003), and the following language from the Tenth Circuit, which he concedes is mere dicta:

> While we have yet to decide the issue, we agree with those courts holding the doctrine of claim preclusion does not necessarily bar plaintiffs from litigating claims based on conduct that occurred after the initial complaint was filed. *See Johnson v. Board of County Comm'rs of Johnson County, Kansas,* No. 99–2289–JWL, 1999 WL 1423072, at *3–4 (D.Kan. Dec. 9, 1999) ("Because a plaintiff has no obligation to expand his or her suit in order to add a claim that he or she could not have asserted at the time the suit was commenced, several circuits have held that res judicata does not bar a second lawsuit to the extent that suit is based on acts occurring after the first suit was filed.")

*Mitchell v. City of Moore, Oklahoma,* 218 F.3d 1190, 1202-03 (10th Cir. 2000).

This dicta, even if persuasive, would not assist this Plaintiff because the events he alludes to occurred, with one exception, *before* he filed his first complaint. But this court is not persuaded by the dicta because the

Tenth Circuit has published law on the narrower issue, as detailed below, and because Plaintiff has failed to show that the subsequent events in this suit were so unrelated to those in the prior case (temporally or otherwise) that he could not have brought these claims in his prior suit.

**Administrative Exhaustion**

Plaintiff contends that he could not have included his retaliation and harassment claims in *Juarez I* because he was required to exhaust administrative remedies and did not receive the necessary right to sue letter from the EEOC until over a year after the deadline had passed to amend his complaint in *Juarez I*. The record confirms that the plaintiff's second right to sue letter was issued on January 23, 2013, after summary judgment motions had been fully briefed and approximately two months before the court ruled on those motions by granting summary judgment in *Juarez I*.

At first blush, it appears that this scenario may fall within a recognized exception to the Restatement's general rule concerning splitting:

> (1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:
> ...
>
> > (c) The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the court ...

Restatement (Second) of Judgments § 26. In the Tenth Circuit, filing a charge of discrimination with the EEOC is a jurisdictional prerequisite to the

institution of a lawsuit based on a claim of employment discrimination under Title VII. *See Shikles v. Sprint/United Mgmt. Co.,* 426 F.3d 1304, 1317 (10th Cir. 2005). Federal courts thus lacks jurisdiction to decide Title VII claims that are not part of a timely-filed EEOC charge, including actions that occurred after the charge was filed. *Annett v. University of Kansas*, 371 F.3d 1233, 1238 (10th Cir. 2004).

But the Tenth Circuit has squarely held that this particular scenario provides no exception to the general rule of claim preclusion. *Wilkes,* 314 F.3d at 504-505. *Cf Haynes v. Kansas*, 261 Fed.Appx. 87 (10th Cir. 2008) (rejecting argument that EEOC filing requirements prevent plaintiffs from raising discrimination claims in an initial suit). In *Wilkes*, as here, the plaintiff contended that claim preclusion should not bar the second suit because she was statutorily prohibited from bringing her Title VII claim until she received her right-to-sue letter from the EEOC. The Tenth Circuit rejected that argument, finding that the plaintiff *could have r*equested a right-to-sue notice, and then amended her equal pay act complaint to add her Title VII claim. Alternatively, the plaintiff *could have* filed her equal pay claim, sought a stay in the district court, let the EEOC complete its administrative process, waited to receive her right-to-sue letter, then added her Title VII claim to her initial lawsuit by amending her complaint pursuant to Federal Rule of Civil Procedure 15. 314 F.3d at 506.

Here, as in *Wilkes*, the "transaction" for res judicata purposes was the plaintiff's employment.

> This court repeatedly has held that "all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes." *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000). *See Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992) (holding plaintiff's second suit was barred by claim preclusion because "the 'claims' in each case were predicated on [plaintiff's] employment"); *Yapp*, 186 F.3d at 1228 (stating "[t]he court in *Clark* eliminated all ambiguity in the meaning of 'transaction' in this factual context: it stated that the 'transaction' was Clark's employment" (internal quotations omitted)). In *Clark* and *Yapp*, the plaintiffs brought actions against their former employers under the Fair Labor Standards Act, 29 U.S.C. § 216(b), for unpaid overtime compensation, and later brought second actions against their former employers for wrongful discharge. On appeal, this court held that plaintiffs' second suits were precluded since they were based upon the same transactions, *i.e.,* the employment relationships.

*Wilkes*, 314 F.3d at 504-505. The Court thus barred plaintiff's Title VII claim because it arose from the same transaction – plaintiff's employment relationship – as did her first lawsuit alleging FLSA violations. *See King v. Union Oil Co. of California*, 117 F.3d 443 (10th Cir. 1997) (finding the employee's termination and later denial of benefits were separate factual events but were related transactions, so res judicata barred plaintiff from bringing ERISA claim separate from his discrimination and retaliation claims.)

The relevant inquiry here, then, is whether the Plaintiff could have brought all his related theories of recovery in his first action. "One major function of claim preclusion … is to force a plaintiff to explore all facts, develop all theories, and demand all the remedies in the first suit." *Stone v.*

*Department of Aviation*, 453 F.3d 1271, 1279 (10th Cir. 2006) (quoting 18 *Federal Practice and Procedure,* §4408).

> ...The argument that it was not possible to bring all related theories of recovery or demands for relief in a first action may not overcome a claim-preclusion defense if the plaintiff could have made it possible. A contemporary illustration is provided by discrimination claims that can be brought only after initial recourse to an administrative agency. A plaintiff who sues first on a theory that does not require resort to the agency and then sues again after clearing the agency process may find that claim preclusion arises from failure to take readily available steps to ensure that both theories could be tried together.

*Stone*, 453 F.3d at 1279, n. 10 (10th Cir. 2006), quoting *18 Federal Practice and Procedure § 4409 (emphasis added). See Wilkes*, 314 F.3d at 506 (noting that the plaintiff can always request a right-to-sue letter from the EEOC once the charge has been pending before that agency for 180 days.)

The same rule applies to claims arising from events that do not occur or mature until after the first action is filed.

> Critically, [the claim preclusion] doctrine requires a plaintiff to join all claims together that the plaintiff has against the defendant *whenever during the course of the litigation related claims mature and are able to be maintained.* Thus, even if an additional claim does not mature until well after the initial complaint has been filed, the plaintiff nevertheless must seek to amend the complaint to add additional claims as a compulsory claim when the additional claim can be brought.

*Stone*, 453 F.3d at 1278 -1279 (emphasis in original) (addressing compulsory counterclaims).

Similarly, the rule applies to a litigant who brings sequential Title VII cases arising from the same employment relationship where, as here, a plaintiff could amend the first case to include claims based on subsequent

events. It is true that "each discrete incident of [discriminatory or retaliatory] treatment constitutes its own unlawful employment practice for which administrative remedies must be exhausted." *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 110–14, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)). And conduct occurring after the filing of an employee's Title VII complaint in federal court involving "discrete and independent [retaliatory] actions" requires the filing of a new EEOC charge, even when that conduct relates to others presented to the EEOC. *Martinez v. Potter,* 347 F.3d 1208, 1210–11 (10th Cir. 2003). *See Eisenhour v. Weber County et al*, __ F.3d __ (10th Cir. 2013).

But a litigant awaiting a right-to-sue letter from the EEOC has at least five options to preserve his claim:

> (1) he can ask the EEOC or its state counterpart to accelerate the administrative process; (2) he can seek an agreement with his former employer not to plead the statute of limitations; (3) he can agree with his employer to split a single claim into two or more suits; (4) he can delay the filing of the first suit until the last possible moment; or (5) he can request that the court postpone or stay the first case until he receives the right-to-sue letter.

*Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 339 (7th Cir. 1995). *See Czarniecki v. City of Chicago,* 633 F.3d 545, 550–51 (7th Cir. 2011). Plaintiff did none of these, and has not shown that he was unable to bring both of his actions together.

A litigant need not wait the full 180 days before receiving his right-to-sue letter. Instead, a plaintiff may request a right-to-sue letter before the

expiration of the 180-day waiting period, as the relevant regulation expressly states:

> [w]hen a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued …, the Commission may issue such notice … at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided, that … it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect.

29 C.F.R. § 1601.28(a)(2). See *Beaver v. Prudential Ins. Co. of America*, 1995 WL 670119, 2 (D.Kan. 1995).

Plaintiff received his right-to-sue letters in *Juarez I* and in this case approximately 14 months after he filed them, demonstrating that which is well known to litigants in this jurisdiction – that the EEOC probably will not be able to complete its administrative processing of a charge within 180 days of its filing. Accordingly, it is very likely that the EEOC would have issued a right to sue letter to the Plaintiff had he requested it soon after he filed his second EEOC charge.

Plaintiff could have filed his second KHRC/EEOC charge as early as July 16, 2011, as the charge includes no events after that date. Plaintiff states no reason for his delay in not filing it until November 3rd. Even so, plaintiff could have requested his right to sue letter soon thereafter, and may have received it before the December 30th deadline for amending his complaint in *Juarez I*. And if Plaintiff had not received the right to sue letter by that date, Plaintiff could have asked for a stay of *Juarez I* until he received the letter,

then amended his complaint in that case to include the claims he now makes in this case.

Litigants in such circumstances have a very strong case for requesting a stay. *See Herrmann v. Cencom Cable Assocs.*, 999 F.2d 223, 225 (7th Cir. 1993) (noting a plaintiff who files some claims to preserve them while exhausting Title VII administrative remedies could ask the district court for a stay and "would have a very strong case for doing so."); *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999) ("We believe that district courts are likely to look favorably on applications for stays of FMLA proceedings while plaintiffs promptly pursue administrative remedies under Title VII and similar state laws and we urge them to do so."). In fact, the magistrate judge in this case showed his receptiveness to a request for a stay by amending the scheduling order to comply with Plaintiff's stated desire to bring his retaliation and other claims in one case. That order reflects that the magistrate judge found good cause to amend the scheduling order because "plaintiff soon will move for leave to file an amended complaint with a new retaliation claim," and that "plaintiff just recently filed an administrative complaint for retaliation and he has not yet received a "right-to-sue letter from the [KHRC.]" *Juarez I*, No. 10-4145-WEB, Dk. 53, p. 1

Plaintiff thus had the opportunity and the ability to perfect and exhaust during *Juarez I* all of the claims he makes in this case. Instead of doing so, Plaintiff sat on his rights and burdened the court and the defendant by claim

splitting. The facts asserted in this case are sufficiently related in time, space, origin, and motivation, to those asserted in *Juarez I* to warrant trying them together. For all the reasons stated above, this case is barred by claim preclusion.

The Court finds it unnecessary to address Defendant's alternative arguments.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss is granted.

Dated this 8th day of January 2014, at Topeka, Kansas.

                                s/Sam A. Crow
                                Sam A. Crow, U.S. District Senior Judge